UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY THOMAS HARDIN, JR.,<br><br>Plaintiff,<br><br>v.<br><br>WARDEN OF HIGH DESERT STATE PRISON, *et al.*,<br><br>Defendants. | 1:17-cv-01314-DAD-JDP<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION<br><br>(Doc. No. 10.)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

## I. RELIEF REQUESTED

Plaintiff is a state prisoner proceeding pro se in this civil rights action brought under 42 U.S.C. § 1983. On March 12, 2018, plaintiff filed a proposed order for defendant Lerdo Detention Facility to show cause why a preliminary injunction should not be issued in this case to stop it from "denying and refusing to repair [plaintiff's] undiagnosed lower and upper intestinal damage caused by hiatal and inguinal hernias." (Doc. No. 10.) Plaintiff also asks for an injunction against the Kern County Sheriff Deputies to stop them from "apply[ing] unnecessary force, [] inter[r]upting and terminating [plaintiff's] medical appointments, [] making [him] a laughing spectacle when seeking medical services, [a]nd from '[losing]' [his] mail." (*Id.*)

## II. LEGAL STANDARD

A federal district court may issue injunctive relief only if the court has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. *See Murphy Bros.*,

1

*Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend"). The court may not attempt to determine the rights of persons not before it. *See Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 234-35 (1916); *Zepeda v. INS*, 753 F.2d 719, 727-28 (9th Cir. 1983); *see also Califano v. Yamasaki*, 442 U.S. 682, 702 (1979) (requiring injunctive relief to be "narrowly tailored to give only the relief to which plaintiffs are entitled"). Under Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C). Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the court find that the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least intrusive means necessary to correct the violation of the Federal Right."

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, 135 S. Ct. 2726, 2736-37 (2015) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). "[P]laintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). In addition to establishing irreparable harm, the injunctive relief sought must be related to the claims brought in the complaint. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction.").

### III. ANALYSIS

As a preliminary matter, plaintiff frames his motion as a proposed order to show cause why a preliminary injunction and temporary restraining order should not issue. The court

2

construes plaintiff's filing as a request for a preliminary injunction under Federal Rule of Civil Procedure 65.

The court will recommend that plaintiff's motion for injunctive relief be denied for three reasons. First, as the court noted in its screening order (Doc. No. 11), plaintiff has not stated a claim upon which relief can be granted.[1] Accordingly, he has not established that he is likely to succeed on the merits. Second, some of the injunctive relief plaintiff requests is unrelated to the allegations underlying his complaint. The complaint alleges, *inter alia*, that various prison officials failed to provide him with adequate medical care (Doc. No. 11), while his motion for a preliminary injunction seeks to enjoin Kern County Sheriff Deputies from, *inter alia*, disrupting his mail and using excessive force. The court does not have authority to issue this requested injunctive relief. *See Pac. Radiation Oncology*, 810 F.3d at 633 ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction."). Finally, portions of the injunction request are directed at the Kern County Sherriff's Office, which is not a defendant in this case. The court may not attempt to determine the rights of persons not before it. *See Hitchman Coal & Coke Co.*, 245 U.S. 234-35.

### IV. FINDINGS AND RECOMMENDATIONS

IT IS HEREBY RECOMMENDED that plaintiff's motion for injunctive relief (Doc. No. 10) be DENIED.

These findings and recommendations will be submitted to the U.S. district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days of service of these findings and recommendations, plaintiff may file written objections with the court. If plaintiff files such objections, he should do so in a document captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that

---

[1] Plaintiff has not yet filed an amended complaint or notified the court that he wishes to stand on his complaint, subject to findings and recommendations to the district judge consistent with the screening order.

failure to file objections within the specified time may result in the waiver of rights on appeal. *See Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    August 9, 2018                               /s/ Jeremy Peterson
                                                        UNITED STATES MAGISTRATE JUDGE