# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY THOMAS HARDIN, JR.,<br><br>Plaintiff,<br><br>v.<br><br>WARDEN OF HIGH DESERT STATE PRISON, *et al.*,<br><br>Defendants. | 1:17-cv-01314-DAD-JDP<br><br>ORDER GRANTING PLAINTIFF'S REQUEST TO<br>1. EXTEND THE TIME TO RESPOND TO THE COURT'S SCREENING ORDER<br>2. RECEIVE COPIES OF HIS ORIGINAL COMPLAINT AND THE COURT'S SCREENING ORDER<br><br>(Doc. Nos. 13, 19.)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER APPOINTMENT OF COUNSEL<br><br>(Doc. No. 14.) |

Plaintiff is a state prisoner proceeding pro se in this civil rights action brought under 42 U.S.C. § 1983. On October 2, 2017, plaintiff filed a complaint initiating this action. (Doc. No. 1.) On April 10, 2018, the court screened plaintiff's complaint and found that it failed to state a claim. (Doc. No. 11.) The court gave plaintiff thirty days from the date of service of the order to file an amended complaint or to notify the court that he wished to stand on his complaint, subject to findings and recommendations to the district judge consistent with the screening order. (*Id.*) Plaintiff made a series of filings and in response to the court's order; each will be discussed in turn.

1

## I. LETTER RE: DECLINED CONSENT AND CURRENT ORDER

On May 3, 2018, plaintiff filed a letter (Doc. No. 13) addressed to U.S. District Judge Dale A. Drozd, the district judge assigned to this case, in response to the court's screening order. (*See* Doc. No. 11.) Plaintiff appears to believe that the screening order issued by Judge Seng[1] (*id.*) is unlawful because plaintiff declined to proceed before a magistrate judge.

Where the parties have elected not to consent to the jurisdiction of a magistrate judge, a district judge will remain as the presiding judge on the case and a magistrate judge will remain on the case as the referral judge. Local Rule 302 outlines the division of labor between district judges and magistrate judges in this district. *See* E.D. Cal. Local Rule 302(a). That Rule provides that a magistrate judge shall perform all duties permitted by statute or other law. *Id*. Title 28, United States Code, Section 636 provides that a district judge may designate a magistrate judge to "hear and determine any pretrial matter pending before the court, except [certain enumerated motions]." 28 U.S.C. § 636(b)(1)(A). In a civil case such as this one, Local Rule 302(c) lists the duties to be performed by a magistrate judge. *See* E.D. Cal. Local Rule 302(c). Thus, the magistrate judge, as referral judge, is designated to handle pretrial duties as described in Local Rule 302(c), while the district judge, as presiding judge, will have final say on all dispositive motions and will preside over any trial. *See* 28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b); E.D. Cal. Local Rule 304.

Plaintiff complains about Judges Seng's screening order, which was a non-dispositive order. A party objecting to a non-dispositive order of a magistrate judge may serve and file objections to the order within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); E.D. Cal. Local Rule 303(b). Failure to file the objection within 14 days results in the order being deemed final. *Id*. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); E.D. Cal. Local Rule

---

[1] On April 30, 2018, this action was reassigned from Magistrate Judge Michael J. Seng to Magistrate Judge Jeremy D. Peterson for all further proceedings. (Doc. No. 12.)

303(f.). Plaintiff's letter, which could be construed as objections to Judge Seng's order, was submitted after the 14-day deadline; as such, it was not considered by the assigned district judge. Furthermore, the undersigned judge finds no basis to reconsider the screening order.

## II. REQUEST FOR EXTENSION

Plaintiff requested a thirty-day extension to the court's April 10, 2018, screening order because he is "in administrative segregation [and he does] not have any of [his] handwritten logs of past physicians and facilities." (Doc. No. 13.) Good cause appearing, the court grants an extension to the deadline from May 11, 2018, to thirty (30) days from the date of this order.

## III. OBJECTION TO AND MOTION TO RECONSIDER ORDER DENYING MOTION TO APPOINT COUNSEL

Plaintiff objects to the court's order denying plaintiff's motion to appoint counsel (Doc. No. 11) and moves for the court to reconsider its conclusion. (Doc. No. 14.) Plaintiff has not asserted substantiated grounds for his motion, and the court denies his request.

### A. Legal Standard

Rule 60(b)(6) allows the court to relieve a party from an order on a prior motion for any reason that justifies relief. Under Local Rule 230(j), a party seeking reconsideration must demonstrate "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). "A party seeking reconsideration must show more than a disagreement with the [c]ourt's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *U.S. v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (internal quotations omitted). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior order.

*See Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *affirmed in part and reversed in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

**B. Analysis**

Plaintiff's motion for reconsideration does not present any newly discovered evidence, demonstrate clear error, or set forth any change in the controlling law. Rather, plaintiff argues that an attorney should be appointed to represent him because "irreparable harm, disability, premature death . . . is at hand [and] likely to occur." (Doc. No. 14, at 1.) Plaintiff's assertion is vague and unsubstantiated by any evidence. Accordingly, the court stands by its earlier ruling and denies plaintiff's motion for reconsideration.

**IV. DECLARATION**

On August 1, 2018, plaintiff filed a document he designated as a "declaration" with the court. (Doc. No. 19.) In it, plaintiff alleges that he has been "stuck in transit and [has] been unable to get any of [his] legal material regarding [his] deliberate indifference medical complaint." (*Id*.) He requests copies of his original complaint (Doc. No. 1) and the screening order (Doc. No. 11). The court grants plaintiff's request.

**V. ORDER**

IT IS HEREBY ORDERED that plaintiff's

1. motion for reconsideration (Doc. No. 14) is DENIED.
2. motion requesting copies of court documents (Doc. No. 19) is GRANTED. The clerk of court is instructed to send plaintiff a copy of his original complaint (Doc. No. 1) and the screening order (Doc. No. 11).
3. motion for an extension of time to respond to the screening order (Doc. No. 13) is GRANTED. Plaintiff must respond to the court's screening order thirty (30) days from the date of this order.

IT IS SO ORDERED.

Dated:   August 15, 2018              _/s/ Jeremy Peterson_
                                                                         UNITED STATES MAGISTRATE JUDGE